**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MOHAMMED FARAAZ RAHMAN,

Plaintiff,

-v- 3:26-CV-197 (AJB/ML)

UNITED HEALTH SERVICES HOSPITALS, INC. *et al.*,

Defendants.

**Hon. Anthony Brindisi, U.S. District Judge:**

**DECISION & ORDER**

## I. INTRODUCTION

This motion concerns a procedural mistake. Plaintiff was required to file a motion to remand the case to state court within the thirty-day period after it was removed by defendants to federal court. Two days after the case's removal to federal court, plaintiff submitted a letter to the Court that appeared to request that the case be remanded. On the fifteenth day of the thirty-day period, after briefing on the issue by the parties at the request of the Court, the assigned magistrate judge denied plaintiff's motion to remand without prejudice as procedurally deficient under the district's local rules.

Plaintiff had another fifteen days before the thirty-day deadline to file a conforming motion to remand. But plaintiff did not do so. Instead, and without any explanation why, plaintiff filed

the instant motion to remand twelve days *after* the thirty-day deadline. As a result, plaintiff's second motion to remand (Dkt. No. 14) will be **DENIED**.

## II. DISCUSSION

On September 30, 2025, plaintiff Mohammed Faraaz Rahman commenced this action in the Supreme Court of the State of New York, County of Broome by filing a summons with notice. *See* Pl.'s Summons with Notice, Dkt. No. 14-2 at 4. Plaintiff subsequently filed a Verified Complaint in state court on January 16, 2026, against defendants United Health Services Hospitals, Inc. ("UHS"), Dr. Awais Ahmed, Dr. M. Farhan Nadeem, Dr. Afzel ur Rehman, and Dr. Muhammad Imran Ali.[1] *See* Pl.'s Compl., Dkt. No. 14-2 at 5–15. Broadly speaking, the complaint alleges "state and federal claims against defendants arising from [plaintiff's] involvement with a three-year graduate medical program at UHS[.]" Pl.'s Mot. to Remand, Dkt. No. 14-3 at 2; *see generally* Compl.

Defendants removed this case to federal court on Friday, February 6, 2026; their notice of removal was entered on the docket on Monday, February 9, 2026. *See* Not. of Removal, Dkt. No. 1.

On February 11, 2026, plaintiff's counsel submitted a letter to the Court addressed to Magistrate Judge Lovric, alongside plaintiff's employment agreement with defendant United Health Services. Dkt. No. 6. In the letter, plaintiff's counsel noted that "[a]t paragraph 10F of [the employment agreement], jurisdiction and venue are set in New York state courts[.]" *Id.* at 1. Plaintiff's counsel further asserted in the letter that, although arguable that the individual defendants are bound by the employment agreement's forum selection clause, defendant UHS "is unquestionably bound[,] and to have the matters tried separately in federal and state court [would

[1] Defendants UHS, Nadeem, Rehman, and Ali are represented by the same counsel. Defendant Ahmed is represented by separate counsel. Unless otherwise specified, the Court will refer to them collectively as "defendants."

be] redundant and a strain on limited judicial resources." *Id.* Plaintiff's counsel requested that "the matter be heard in state court as the contract[] provide[s]." *Id.*

Construing the submission as a letter motion to remand, the Court directed defendants to file a response. Dkt. No. 7. On February 18, 2026, defendants did so, filing a letter asking that plaintiff's letter motion be denied. Dkt. No. 8.

On February 24, 2026, Magistrate Judge Lovric issued the following text order:

> TEXT ORDER: Letter Motions 6 & 8 are DENIED, without prejudice. Motions 6 & 8 failed to comply with the N.D.N.Y. Local Rules, Rule 7.1. Both motions fail to include a memorandum of law and supporting affidavit. The motions are therefore denied. SO ORDERED.

Dkt. No. 9.

On March 23, 2026, plaintiff filed another motion to remand, now before the Court. *See* Dkt. No. 14. On April 13, 2026, defendants responded. *See* Dkt. Nos. 19-6, 20.

Defendants argue that plaintiff's second motion to remand "should be denied because it was not filed within the 30-day statutory deadline set forth in 28 U.S.C. § 1447(c)[.]" Dkt. No. 19-6 at 5; *see also* Dkt. No. 20 at 1 ("[T]he motion is time barred, having not been filed within the 30-day statutory deadline[.]").

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" 28 U.S.C. § 1447(c). The Second Circuit has held that this deadline "is plainly mandatory." *Phoenix Glob. Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 75 (2d Cir. 2005) (citing 28 U.S.C. § 1447(c)); *see also Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) ("Under this provision, all motions for remand—except those based on lack of subject matter jurisdiction—must be made within 30 days after removal or they are waived.").

Defendants' notice of removal was docketed on February 9, 2026. *See* Dkt. No. 1. Judge Lovric denied plaintiff's letter motion on February 24, 2026. *See* Dkt. No. 9. As of that point, plaintiff still had until March 11, 2026, approximately another two weeks, to timely file a motion.

Yet plaintiff did not do so. Instead, plaintiff filed his second motion for remand twelve days after the 30-day deadline set forth in Section 1447(c)—forty-two days after defendants' notice of removal was entered on the docket. Plaintiff offers no explanation for belatedly filing the second motion for remand.

Because plaintiff did not file the second motion for remand within 30 days of the notice of removal, plaintiff has waived all challenges to removal defects other than lack of subject matter jurisdiction. And "forum selection clauses, however interpreted, have no bearing on a court's subject matter jurisdiction[.]" *Rabinowitz v. Kelman*, 75 F.4th 73, 79 (2d Cir. 2023). "Such procedural challenges must be asserted with the requisite urgency dictated by statute in order to avoid protracted litigation surrounding the choice of forum." *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 423 (W.D.N.Y. 2022); *see also id.* ("[A]s indicated by the 30-day and one-year statutory periods for removal, and the 30-day statutory period for motions to remand, Congress wants the forum selection battle decided as soon as possible[.]") (quoting 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.151[1][d] (3d ed. 2018)).

## III. CONCLUSION

Therefore, it is

**ORDERED** that

1. Plaintiff's motion to remand (Dkt. No. 14) is **DENIED**;

**SO ORDERED.**

Dated: October 19, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge